FILED
DISTRICT COURT OF GUAM
DEC 26 2002
MARY L. M. MORAN
CLERK OF COURT

U.S. DISTRICT COURT
FILED
NOV 27 2002
S.D. OF N.Y.

02-00037

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
MAUREEN O'CONNOR AS ADMINISTRATRIX
OF THE ESTATE OF THOMAS DOWDELL,

  - v. -

RUTH CANNON and UNCLE BOB's d/b/a
UNCLE BOB'S LAST WATERING HOLE,

    Defendants.
------------------------------------x

ORDER

02 Civ. 7510 (NRB)

DOC # 2

**NAOMI REICE BUCHWALD**
**UNITED STATES DISTRICT JUDGE**

  WHEREAS no basis exists for personal jurisdiction in New York over either of the defendants in this action; and

  WHEREAS it appears from the complaint that this case could have been brought in the Territory of Guam; and

  WHEREAS the plaintiff has by letter dated November 23, 2002, consented to a transfer to the Territory of Guam; it is hereby

  ORDERED that this case be transferred pursuant to 28 U.S.C. § 1406(a) to the U.S. District Court of Guam in the Territory of Guam; and it is further

MICROFILM -3:00 PM
NOV 27 2002

A TRUE COPY
J. MICHAEL McMAHON, ACTING CLERK
BY _____
  DEPUTY CLERK

ORDERED that time to effect service on the defendants be extended to 60 days from the date of this order.

DATED: New York, New York
November 27, 2002

_____
NAOMI REICE BUCHWALD
UNITED STATES DISTRICT JUDGE

COPIES MAILED

Copies of the foregoing Memorandum and Order have been sent on this date to the following:

Thomas G. Cascione
Law Offices of Cascione, Purcigliotti & Galluzzi, P.C.
20 Vesey St.
Suite 1100
New York, NY 10007

U.S. District Court
Southern District of New York - Civil Database (Foley Square)

CIVIL DOCKET FOR CASE #: 02-CV-7510

O'Connor v. Cannon, et al                                    Filed: 09/17/02
Assigned to: Judge Naomi R. Buchwald      Jury demand: Plaintiff
Demand: $3,500,000                        Nature of Suit:  350
Lead Docket: None                         Jurisdiction: Diversity
Dkt# in other court: None

Cause: 28:1332 Diversity: Wrongful Death


MAUREEN O'CONNOR,                  Thomas G. Cascione, Esq.
Administratix, of the Estate       [COR LD NTC]
of Thomas Dowdell                  Cascione, Purcigliotti &
     plaintiff                     Galluzzi, P.C.
                                   20 Vesey Street
                                   Suite 1100
                                   New York, NY 10007
                                   (212) 964-9640


     v.


RUTH CANNON
     defendant


UNCLE BOB'S
dba
Uncle Bob's Last Watering Hole
     defendant










Docket as of December 12, 2002 1:51 pm                    A TRUE COPY
                                                    J. MICHAEL McMAHON, ACTING CLERK

                                                    BY _____
                                                              DEPUTY CLERK

Proceedings include all events.
1:02cv7510 O'Connor v. Cannon, et al                                      CLOSED

MAUREEN O'CONNOR, Administratix, of the Estate of Thomas
Dowdell

       plaintiff

  v.

RUTH CANNON; UNCLE BOB'S, doing business as Uncle Bob's Last
Watering Hole

       defendant

Proceedings include all events.
1:02cv7510 O'Connor v. Cannon, et al                                CLOSED

9/17/02    1     COMPLAINT filed. Summons issued and Notice pursuant to 28
                 U.S.C. 636(c). FILING FEE $ 150.00 RECEIPT # 450689. (db)
                 [Entry date 09/23/02]

9/17/02    --    Magistrate Judge Debra C. Freeman is so designated. (db)
                 [Entry date 09/23/02]

11/27/02   2     ORDER, that this action shall be transferred purs. to 28
                 U.S.C. sec. 1406(a) to the U.S.D.C. of Guam in the
                 Territory of Guam. ( signed by Judge Naomi R. Buchwald );
                 Copies Mailed by Chambers. (ae) [Entry date 12/02/02]

11/27/02   --    Interdistrict transfer to the U.S. District of Guam. Sent
                 original file along with a certified copy of the docket
                 sheet and transfer order via Federal Express AIRBILL #
                 837176241149 on 12/6/02. (ae) [Entry date 12/04/02]

JUDGE BUCHWALD

02 CV 7510

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

COMPLAINT

-------------------------------------------------------------------X
MAUREEN O'CONNOR AS ADMINISTRATRIX OF
THE ESTATE OF THOMAS DOWDELL,

    Plaintiff,

-against-

RUTH CANNON and UNCLE BOB's d/b/a
UNCLE BOB's LAST WATERING HOLE,

    Defendants.
-------------------------------------------------------------------X



Jurisdiction is claimed under 28 U.S.C.A. Section 1332.

**JURY TRIAL IS DEMANDED OF ALL ISSUES**

Plaintiff, MAUREEN O'CONNOR as Administratrix of the Estate of THOMAS DOWDELL (hereinafter also referred to as "ESTATE OF DOWDELL") by her Attorneys, CASCIONE, PURCIGLIOTTI and GALLUZZI P.C., for her Complaint, alleges as follows upon information and belief:

1. That at all times herein mentioned, Plaintiff **ESTATE OF DOWDELL** was and still is a citizen of the County of New York, State of New York by virtue of the County of Administration, domicile of decedent and residence/citizenship and domicile of the Administratrix.

2. That at all times herein mentioned, **MAUREEN O'CONNOR** was and still is a citizen of the County of New York and State of New York.

3. That **MAUREEN O'CONNOR** is the Administratrix of Plaintiff **ESTATE OF DOWDELL** by decree of the Surrogate of the County of New York and State of New York, File No. 2002-3568.

4. That at all times herein mentioned the Defendant **RUTH CANNON** was and still is, a citizen of the United States of America.

5. That at all times herein mentioned the Defendant **RUTH CANNON** is a citizen of Connecticut.

6. That at all times herein mentioned the Defendant **UNCLE BOB's d/b/a UNCLE BOB's LAST WATERING HOLE** was and still is, a corporation or unincorporated business operating in and a citizen of the Territory of Guam.

7. Plaintiff claims jurisdiction of the Court based upon the complete diversity of citizenship of the parties and the estimated value of the claim which well exceeds $75,000.00 exclusive of interest and costs.

### AS AND FOR A FIRST CAUSE OF ACTION ON BEHALF OF ESTATE OF DOWDELL

8. That at all times herein mentioned, the Defendant **RUTH CANNON** was the owner of a 1987 Toyota Corolla motor vehicle.

9. That at all times herein mentioned, Defendant **RUTH CANNON** operated the aforesaid motor vehicle.

10. That at all times herein mentioned, Defendant **RUTH CANNON** controlled the aforesaid motor vehicle.

11. That at all times herein mentioned, Defendant **RUTH CANNON** maintained the aforesaid motor vehicle.

12. That at all times herein mentioned, the Plaintiff's decedent **THOMAS DOWDELL** was a pedestrian lawfully walking on Route 1 in the town of Piti, Guam, near the premises known as **UNCLE BOB'S LAST WATERING HOLE**.

13. That at all times herein mentioned, Route 1 in Piti, Guam, was a public roadway and/or thoroughfare.

14. That on or about September 18, 2000, the aforesaid motor vehicle operated and controlled by Defendant **RUTH CANNON** struck the Plaintiff's decedent **THOMAS DOWDELL**.

15. That as a result of the aforesaid contact, Plaintiff's decedent was injured and died at the scene as a result of his injuries.

16. That the aforesaid occurrence was caused wholly or partially by reason of the negligence of the Defendant **RUTH CANNON** without any fault or negligence on the part of the Plaintiff's decedent contributing thereto.

17. That at all times hereinafter mentioned defendant **UNCLE BOB's d/b/a UNCLE BOB'S LAST WATERING HOLE** (hereinafter **UNCLE BOB'S**) is a domestic corporation, organized and existing under and by virtue of the laws of the Territory of Guam, and maintains its principal office in the Town of Piti, Territory of Guam.

18. That at all times hereinafter mentioned defendant **UNCLE BOB'S** is an unincorporated business, organized and existing under and by virtue of the laws of the Territory of Guam, and maintains its principal office in the Town of Piti, Territory of Guam

19. That at all times hereinafter mentioned, defendant **UNCLE BOB'S** was licensed to sell alcoholic beverages in the Town of Piti, Territory of Guam or represented itself to be so licensed..

20. That at all times hereinafter mentioned defendant **UNCLE BOB'S** maintained a tavern in the Town of Piti, Territory of Guam.

21. On September 18, 2000 and at all times herein mentioned, defendant **UNCLE BOB'S** owned the premises located at Route 1 in Piti, known as **UNCLE BOB's LAST WATERING HOLE** .

22. On September 18, 2000 and at all times herein mentioned, defendant **UNCLE BOB'S** maintained the aforesaid premises.

23  On September 18, 2000 and at all times herein mentioned, defendant **UNCLE BOB'S** managed and controlled the aforesaid premises.

24  On September 18, 2000 plaintiff's decedent **THOMAS DOWDELL** was lawfully present as a patron on the aforesaid premises.

25. On September 18, 2000 **THOMAS DOWDELL** was lawfully present on the aforesaid premises with the knowledge, permission and consent of the owner.

26. On September 18, 2000 and for a long period of time prior to the occurrence, the exterior walkway in front of the aforesaid premises, was dark, unlit and dangerous at night.

27. On September 18, 2000 and for a long period of time prior to the occurrence, the defendant **UNCLE BOB's** premises contained no warning to patrons of the fact that the exterior walkway in front of the aforesaid premises, was dark, unlit and dangerous at night.

5

28. On September 18, 2000 **THOMAS DOWDELL** walked out of the premises of **UNCLE BOB's** and was immediately struck by a car as stated above.

29. The above mentioned occurrence and the results thereof were caused wholly or partially by the negligence of the defendant **UNCLE BOB's** and/or said defendant's servants, agents, employees and/or licensees in the operation, management, maintenance and control of the aforesaid premises and walkway in causing, allowing and permitting said premises at the place above mentioned to be, become and remain for a period of time after notice, either actual or constructive, in a dangerous and/or hazardous condition; in causing, allowing and permitting a trap to exist at said location; in failing to maintain the aforesaid premises in a reasonably safe and proper condition; in causing, allowing and permitting an obstruction to plaintiff's safe passage at said location; in failing to provide plaintiff with safe and proper ingress and egress on the premises; in causing, allowing and permitting the existence of a condition which constituted a trap, nuisance, menace and danger to persons lawfully on said premises; in failing to have taken necessary steps and measures to have prevented the above mentioned location from being used while in said dangerous condition; in failing to give plaintiff adequate and timely signal, notice or warning of said condition; in negligently and carelessly causing and permitting the above said premises and walkway to be and remain in said condition for an unreasonable length of time, resulting in a hazard to the plaintiff and others;, in failing to take suitable and proper precautions for the safety of persons on and using said premises; and in being otherwise negligent and careless.

6

30. That no negligence on the part of the plaintiff's decedent contributed to the occurrence alleged herein in any manner whatsoever.

31. That because of the above stated negligence of these defendants plaintiff's decedent was caused to sustain serious injuries and to have suffered pain, shock and mental anguish.

32. That by reason of the foregoing, Plaintiff's decedent, **THOMAS DOWDELL** sustained severe and painful personal injuries; conscious pain and mental and emotional trauma, fear of impending death and **THOMAS DOWDELL** was otherwise damaged.

33. That by reason of the foregoing, Plaintiff, **ESTATE OF DOWDELL** has been damaged in the of FIVE HUNDRED THOUSAND ($500,000.00) DOLLARS.

## AS AND FOR A SECOND CAUSE OF ACTION
## ON BEHALF OF ESTATE OF DOWDELL

37. Plaintiff, **MAUREEN O'CONNOR** repeats, reiterates and realleges each and every allegation set forth in paragraphs contained in the First Cause of Action, together with the same force and effect as though set forth at length herein.

38. At the time herein mentioned, Plaintiff's decedent **THOMAS DOWDELL** was wrongfully killed due to the negligence of defendants.

39. Plaintiff's decedent **THOMAS DOWDELL** was survived by three siblings and they were entitled to the services, support, society and companionship of the decedent..

40. That by reason of the foregoing, Plaintiff, **ESTATE OF THOMAS DOWDELL** has been damaged by wrongful death in an amount not to exceed the sum of THREE MILLION ($3,000,000.00) DOLLARS.

## AS AND FOR A THIRD CAUSE OF ACTION
## ON BEHALF OF ESTATE OF DOWDELL

41. Plaintiff, **MAUREEN O'CONNOR** repeats, reiterates and realleges each and every allegation set forth in paragraphs contained in the First and Second Causes of Action, together with the same force and effect as though set forth at length herein

42. On September 18, 2000 while **THOMAS DOWDELL** was lawfully present on the aforesaid premises known as **UNCLE BOB's LAST WATERING HOLE**, he was served alcoholic beverages.

43 On September 18, 2000 while **THOMAS DOWDELL** was lawfully present on the aforesaid premises, he became visibly intoxicated but he was served more alcoholic beverages by defendant **UNCLE BOB's** and was rendered very intoxicated.

8

44  On September 18, 2000 **THOMAS DOWDELL** was allowed to leave the aforesaid premises by defendant **UNCLE BOB's** employees, despite the fact that he had been rendered very intoxicated.

45. Defendant **UNCLE BOB's** owed a duty as the operator of a Dram Shop to take reasonable precautions for the safety of **THOMAS DOWDELL** an intoxicated patron.

46.  On September 18, 2000no precautions were taken to safeguard **THOMAS DOWDELL** by defendant **UNCLE BOB's** employees, despite the fact that he had been rendered very intoxicated.

47. As a direct consequence of the failure of defendant **UNCLE BOB's** employees to cease serving an intoxicated patron and their failure to take precautions to safeguard same **THOMAS DOWDELL** was caused to be painfully injured and killed.

48. That by reason of the foregoing, Plaintiff, **ESTATE OF THOMAS DOWDELL** has been damaged by personal injury and wrongful death due to the Dram Shop violations of **UNCLE BOB's** in an amount not to exceed the sum of THREE MILLION FIVE HUNDRED THOUSAND ($3,500,000.00) DOLLARS

**WHEREFORE**, Plaintiff demands judgment against the Defendants jointly and severally on the First Cause of Action in the sum of FIVE HUNDRED THOUSAND ($500,000.00)

9

DOLLARS and on the Second Cause of Action in the sum of THREE MILLION ($3,000,000.00) DOLLARS, furthermore Plaintiff demands judgment against the Defendant **UNCLE BOB's** on the Third Cause of Action in the sum of THREE MILLION FIVE HUNDRED THOUSAND ($3,500,000.00) DOLLARS together with costs and disbursements of this action.

Dated: New York, New York
September 17, 2002

Yours, etc.

_____
THOMAS G. CASCIONE #4596
CASCIONE, PURCIGLIOTTI & GALLUZZI, P.C.
Attorneys for Plaintiff
MAUREEN O'CONNOR as Administratrix
20 Vesey Street, Suite 1100
New York, New York 10007
(212) 964-9640

10

## ATTORNEY'S CERTIFICATION

**THOMAS G. CASCIONE**, an attorney duly admitted to practice before the Courts of the State of New York and the Federal District Court for the Southern District of New York, affirms the following to be true under the penalties of perjury:

I am an attorney at CASCIONE, PURCIGLIOTTI & GALLUZZI, P.C., attorneys of record for Plaintiff(s),

**MAUREEN O'CONNOR**. I have read the annexed

## COMPLAINT

and know the contents thereof, and the same are true to my knowledge, except those matters therein which are stated to be alleged upon information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, is based upon facts, records, and other pertinent information contained in my files.

DATED:    New York, New York
          September 17, 2002

---

**THOMAS G. CASCIONE #4596**

11

JUDGE BUCHWALD   CIVIL COVER SHEET   02 CV 7510

WEB 4/99

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for use of the Clerk of Court for the purpose of initiating the civil docket sheet.

**PLAINTIFFS**

MAUREEN O'CONNOR, as administratrix of the Estate of THOMAS DOWDELL

**DEFENDANTS**

RUTH CANNON AND UNCLE BOB's d/b/a UNCLE BOB's LAST WATERING HOLE

**ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**

CASCIONE PURCIGLIOTTI & GALLUZZI, P.C.
20 VESEY STREET, STE 1100, NY., NY 10007

**ATTORNEYS (IF KNOWN)**

SEP 17 2002

**CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE)

Wrongful death of pedestrian leaving bar, hit by auto.
Tort action under 28 USCA 1332

Has this or a similar case been previously filed in SDNY at any time? No? [X] Yes? [ ]  Judge Previously Assigned _____

If yes, was this case Vol. [ ] Invol. [ ] Dismissed. No [ ] Yes [ ]  If yes, give date _____ & Case No. _____

(PLACE AN [x] IN ONE BOX ONLY)

## NATURE OF SUIT

### ACTIONS UNDER STATUTES

**CONTRACT**
- [ ] 110 INSURANCE
- [ ] 120 MARINE
- [ ] 130 MILLER ACT
- [ ] 140 NEGOTIABLE INSTRUMENT
- [ ] 150 RECOVERY OF OVERPAYMENT & ENFORCEMENT OF JUDGMENT
- [ ] 151 MEDICARE ACT
- [ ] 152 RECOVERY OF DEFAULTED STUDENT LOANS (EXCL VETERANS)
- [ ] 153 RECOVERY OF OVERPAYMENT OF VETERAN'S BENEFITS
- [ ] 160 STOCKHOLDERS SUITS
- [ ] 190 OTHER CONTRACT
- [ ] 195 CONTRACT PRODUCT LIABILITY

**TORTS**

*PERSONAL INJURY*
- [ ] 310 AIRPLANE
- [ ] 315 AIRPLANE PRODUCT LIABILITY
- [ ] 320 ASSAULT, LIBEL & SLANDER
- [ ] 330 FEDERAL EMPLOYERS' LIABILITY
- [ ] 340 MARINE
- [ ] 345 MARINE PRODUCT LIABILITY
- [X] 350 MOTOR VEHICLE
- [ ] 355 MOTOR VEHICLE PRODUCT LIABILITY
- [ ] 360 OTHER PERSONAL INJURY

*PERSONAL INJURY*
- [ ] 362 PERSONAL INJURY - MED MALPRACTICE
- [ ] 365 PERSONAL INJURY PRODUCT LIABILITY
- [ ] 368 ASBESTOS PERSONAL INJURY PRODUCT LIABILITY

*PERSONAL PROPERTY*
- [ ] 370 OTHER FRAUD
- [ ] 371 TRUTH IN LENDING
- [ ] 380 OTHER PERSONAL PROPERTY DAMAGE
- [ ] 385 PROPERTY DAMAGE PRODUCT LIABILITY

**FORFEITURE/PENALTY**
- [ ] 610 AGRICULTURE
- [ ] 620 FOOD & DRUG
- [ ] 625 DRUG RELATED SEIZURE OF PROPERTY 21 USC 881
- [ ] 630 LIQUOR LAWS
- [ ] 640 RR & TRUCK
- [ ] 650 AIRLINE REGS
- [ ] 680 OCCUPATIONAL SAFETY/HEALTH
- [ ] 690 OTHER

**LABOR**
- [ ] 710 FAIR LABOR STANDARDS ACT
- [ ] 720 LABOR/MGMT RELATIONS
- [ ] 730 LABOR/MGMT REPORTING & DISCLOSURE ACT
- [ ] 740 RAILWAY LABOR ACT
- [ ] 790 OTHER LABOR LITIGATION
- [ ] 791 EMPL RET INC SECURITY ACT

**BANKRUPTCY**
- [ ] 422 APPEAL 28 USC 158
- [ ] 423 WITHDRAWAL 28 USC 157

**PROPERTY RIGHTS**
- [ ] 820 COPYRIGHTS
- [ ] 830 PATENT
- [ ] 840 TRADEMARK

**SOCIAL SECURITY**
- [ ] 861 MIA (1395FF)
- [ ] 862 BLACK LUNG (923)
- [ ] 863 DIWC (405(g))
- [ ] 863 DIWW (405(g))
- [ ] 864 SSID TITLE XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 TAXES
- [ ] 871 IRS-THIRD PARTY 20 USC 7609

**OTHER STATUTES**
- [ ] 400 STATE REAPPORTIONMENT
- [ ] 410 ANTITRUST
- [ ] 430 BANKS & BANKING
- [ ] 450 COMMERCE/ICC RATES/ETC
- [ ] 460 DEPORTATION
- [ ] 470 RACKETEER INFLUENCED & CORRUPT ORGANIZATION ACT (RICO)
- [ ] 810 SELECTIVE SERVICE
- [ ] 850 SECURITIES/COMMODITIES/EXCHANGE
- [ ] 875 CUSTOMER CHALLENGE 12 USC 3410
- [ ] 891 AGRICULTURE ACTS
- [ ] 892 ECONOMIC STABILIZATION ACT
- [ ] 893 ENVIRONMENTAL MATTERS
- [ ] 894 ENERGY ALLOCATION ACT
- [ ] 895 FREEDOM OF INFORMATION ACT
- [ ] 900 APPEAL OF FEE DETERMINATION UNDER EQUAL ACCESS TO JUSTICE
- [ ] 950 CONSTITUTIONALITY OF STATE STATUTES
- [ ] 890 OTHER STATUTORY ACTIONS

**REAL PROPERTY**
- [ ] 210 LAND CONDEMNATION
- [ ] 220 FORECLOSURE
- [ ] 230 RENT LEASE & EJECTMENT
- [ ] 240 TORTS TO LAND
- [ ] 245 TORT PRODUCT LIABILITY
- [ ] 290 ALL OTHER REAL PROPERTY

**CIVIL RIGHTS**
- [ ] 441 VOTING
- [ ] 442 EMPLOYMENT
- [ ] 443 HOUSING ACCOMMODATIONS
- [ ] 444 WELFARE
- [ ] 440 OTHER CIVIL RIGHTS

**PRISONER PETITIONS**
- [ ] 510 MOTIONS TO VACATE SENTENCE 20 USC 2255
- [ ] 530 HABEAS CORPUS
- [ ] 535 DEATH PENALTY
- [ ] 540 MANDAMUS & OTHER
- [ ] 550 CIVIL RIGHTS
- [ ] 555 PRISON CONDITION

*Check if demanded in complaint:*

CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 3.5 Mil. OTHER _____

*Check YES only if demanded in complaint*
JURY DEMAND: [X] YES [ ] NO

DO YOU CLAIM THIS CASE IS RELATED TO A CIVIL CASE NOW PENDING IN S.D.N.Y.? IF SO, STATE:

JUDGE _____ DOCKET NUMBER _____

NOTE: Please submit at the time of filing an explanation of why cases are deemed related.

(SEE REVERSE)

45068